[Civ. No. 2670.   First Appellate District, Division One.—April 12, 1919.]

EMMA R. BRADLEY, Respondent, v. RICHARD BRADLEY, Appellant.

[1] DIVORCE—FINAL DECREE—MOTION TO MODIFY—MATTERS REVIEWABLE. Upon a motion to modify a final decree of divorce in which the property rights of the parties and the alimony were left subject to future modification, it is only such facts as have arisen or become known to the party since its entry that may be made the basis of an attack upon its provisions. As to all other matters, it is as final as any other judgment or decree after the period for appeal has expired.

[2] ID.—APPEAL — EXTRINSIC FACTS — RELIEF ALLOWABLE.—Upon an appeal from an order modifying a final decree of divorce in which

the property rights of the parties and the alimony were left subject to future modification, the appellant is not entitled to any relief from the appellate court because of the fact that since the entry of the modifying order appealed from that court had occasion to pass upon the merits of certain other appeals involving the property rights and interests of the parties.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying a final decree of divorce. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Richard Bradley, *in pro. per.*, for Appellant.

Charles Baer for Respondent.

RICHARDS, J.—This appeal is from an order modifying a final decree of divorce between the parties hereto in so far as the provisions of said decree undertook to provide for the future maintenance of the plaintiff and respondent upon this appeal.

By the terms of the original final decree the plaintiff was granted a divorce from the defendant upon the ground of cruelty, and the defendant was directed to pay to the plaintiff the sum of one hundred dollars per month so long as she remained unmarried, and was further directed to give reasonable security for the payment of said sum. The decree recited that the defendant had, by virtue of the interlocutory decree, furnished a bond in the sum of four thousand dollars as and for such security, and said bond was by the final decree to remain in full force and effect. This decree was entered on October 7, 1915. On November 24, 1916, the defendant moved the court for an order modifying said final decree by the elimination therefrom of its provision respecting the plaintiff's further maintenance and support. Upon the hearing on said motion affidavits and counter-affidavits and also oral testimony *pro* and *con* were presented by the respective parties, going with much detail into the past and existing financial relations and abilities of the respective parties. These, it is almost needless to say, were strongly and decidedly in conflict as to almost every matter which was asserted or disputed therein. The trial court, having considered these, concluded to modify its former final decree by reducing the

former amount of one hundred dollars to the sum of $85, to be paid monthly to plaintiff by the defendant. It is from the order making this modification that the defendant has prosecuted this appeal.

[1] In his briefs upon appeal, which the defendant has presented *in propria personae,* he attempts to discuss many matters which were the subject of controversy upon the main trial of the cause and which were concluded by the findings and decrees of the court therein, from which no appeal was taken. The appellant seeks to justify his attempt to reopen these matters by the claim that the terms of the final decree as to the property rights of the parties and as to alimony being subject to future modification, these matters therein treated may always be relitigated. But this is not the rule, since upon a motion to modify a final decree of divorce in these respects which has not been appealed from it is only such facts as have arisen or become known to the party since its entry which may be made the basis of an attack upon its provisions. As to all other matters it is as final as any other final judgment or decree after the period for appeal has expired. In so far as the appellant's briefs have relation to facts arising since the entry of said final decree tending to show a change of condition in the defendant's financial ability to make the required payments, the evidence educed upon the motion for a modification of the decree was, as we have seen, in sharp conflict. The court had the parties before it, and not only read their conflicting affidavits, but both heard and saw their examination, and having done so saw fit to make the modification in the decree which, in so far as it went, was in the defendant's favor. We are unable to say from the state of the record before us that the court in any way abused its discretion in the form or substance of the modifying order.

[2] The appellant finally contends that he is entitled to some measure of relief from the court for the reason that since the entry of the modifying order herein appealed from the court has had occasion to pass upon the merits of certain other appeals between the parties hereto involving certain aspects of their property rights and interests, and that this court should now take those matters into consideration in passing upon this appeal, but it is apparent that this cannot

be done, since the matters concluded by those appeals were not before the trial court at the time its modifying order herein appealed from was made. This is not, therefore, the forum wherein the appellant may obtain relief depending upon any conclusions arrived at in those cases, for any advantage which he might derive therefrom could only be gained through a renewal of his effort to have said final decree modified in the trial court based upon such change in conditions as may have arisen or been established since the making of the present modification of said original decree.

Order affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1919.

All the Justices concurred.