[S. F. No. 15644. In Bank.—October 21, 1936.]

GEORGE E. ERLIN, Appellant, v. NATIONAL UNION FIRE INSURANCE COMPANY (a Corporation), Respondent.

Harry I. Stafford, Edward A. Cunha and Daniel R. Shoemaker for Appellant.

Courtney L. Moore for Respondent.

EDMONDS, J., *pro tem.*—The effect of the reversal of a judgment by this court without further order or direction

to the trial court is the sole question presented by this appeal.

Plaintiff recovered judgment in the superior court. The defendant appealed and this court reversed the judgment. (*Erlin* v. *National Union Fire Ins. Co.*, 217 Cal. 374 [18 Pac. (2d) 660].) Plaintiff thereafter brought the case on for trial in the superior court, which refused to hear it. The judgment entered for the defendant recites: "that the Supreme Court of the State of California did not intend to grant said plaintiff and did not intend that this Court should grant to said plaintiff a new or retrial of said action".

The controversy concerns the right of the plaintiff to recover commissions from the defendant. He alleges that the commissions were due to him for his services by which he brought about and consummated an agreement between the defendant and a finance company. This court held that there was no evidence in the record sufficient to support this allegation. It also held that certain findings were not supported by the evidence. The opinion then states that it is an admitted fact that the plaintiff, during the time of his negotiations with the insurance company, did not have an insurance broker's license nor did he have a license to act for the defendant company and concludes with the following: "There is much argument in the briefs as to whether, under these facts, the plaintiff was entitled to sue. These questions it is unnecessary to determine because, on the merits, the plaintiff is not entitled to recover." (217 Cal., at p. 377.)

The position of the defendant is that by its decision on the former appeal this court finally determined the case upon its merits. In upholding this position the trial court in the judgment from which the present appeal is taken states that this court refused to pass upon the question of whether the plaintiff was entitled to sue "and assigned as the reason for its failure to pass upon said issue that it was unnecessary to determine the same because on the merits the plaintiff is not entitled to recover; and . . . that said decision and opinion of said Supreme Court is final and conclusive and binding on this Court. . . ."

The statement by this court in its opinion upon the former appeal that "on the merits the plaintiff is not entitled to recover" could only refer to evidence then before the

court.  The reversal of the judgment was unqualified, that is to say, without direction to the trial court.  Such a reversal remands the case for a new trial and places the parties in the same position as if the case had never been tried. (*Central Sav. Bank* v. *Lake,* 201 Cal. 438, 443 [257 Pac. 521] ; *Monson* v. *Fischer,* 219 Cal. 290, 291 [26 Pac. (2d) 6].)      Of course, upon a retrial the decision of the appellate court becomes the law of the case upon the facts as then presented.  But that law must be applied by the trial court to the evidence presented upon the second trial. ''It is settled beyond controversy that a decision of this court upon appeal, as to a question of fact, does not become the law of the case.''  (*Mattingly* v. *Pennie,* 105 Cal. 514, 517 [39 Pac. 200, 201, 45 Am. St. Rep. 87].)

Section 4½ of article VI of the Constitution can have no application to the present situation.  This court cannot say what evidence the plaintiff may produce upon another trial.  Upon the reversal of the judgment in his favor he became entitled to a new trial and the opportunity to present evidence in support of the allegations of his complaint.

The judgment is reversed.

Langdon, J., Curtis, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.