[Civ. No. 3650. Fourth Dist. June 21, 1947.]

MAE P. DeLESHE, Respondent, v. MAXEMILLIAN B. DeLESHE, Appellant.

William H. Wylie for Appellant.

Luce, Forward, Lee & Kunzel for Respondent.

MARKS, J.—This is an appeal from an order requiring defendant to pay plaintiff $100 per month during the pending of his appeal from an order modifying the interlocutory decree of divorce, $50 to pay her costs and $125 attorney's fees on that appeal.

There was an appeal taken by defendant from an order amending the interlocutory decree of divorce and requiring him to pay $125 per month for her support and maintenance which was affirmed in an opinion in the case entitled *Mae P. DeLeshe* v. *Maxemillian B. DeLeshe,* bearing our Civil Number 3636. Facts are set forth in that opinion which do not need to be repeated here.

After defendant had appealed from the order amending the interlocutory decree of divorce by requiring him to pay plaintiff $125 per month for her support and maintenance, plaintiff filed her notice of motion to require defendant to pay her a reasonable sum for her support and maintenance pending that appeal, and to pay her costs and attorney's fees on the appeal. The motion was granted and defendant was ordered to pay plaintiff the amounts already mentioned. This appeal is from that order.

Defendant argues that the appeal taken from the order amending the interlocutory decree removed jurisdiction from the superior court so that it had no jurisdiction to make the order under attack here. He also makes some of the same contentions made on the appeal from the earlier order. As they have been disposed of in our other decision we need give them no further notice here.

It is well settled in this state that where the trial court has reserved jurisdiction over an allowance to a wife for her support, as was done here, it may award the wife, or former wife, an allowance for her support and for her costs and attorney's fees on an appeal from an order modifying the amount of the support money. In *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 P. 862], an argument was made identical with that made by defendant here. It was disposed of as follows:

"It matters not whether we consider the allowance of costs and attorney's fees to the wife to enable her to appeal from the order modifying the decree as an additional allowance to her for her support as authorized by section 139 of the Civil Code, made after the final decree of divorce, or whether we consider that the divorce action is pending within the meaning of section 137 of the Civil Code, so long as the court retains power to modify the terms of the decree, or whether we regard it as an order deemed necessary for the enforcement of the final decree within the meaning of the provisions for such enforcement contained in section 137 of the Civil Code, above quoted. It is clear that the court has jurisdiction to award the former wife whatever costs and expenses are necessary for the prosecution of an appeal rendered necessary by the application of the husband for the modification of the decree."

There are many cases in California to the same effect, among which it should be sufficient to cite the following: *Reynolds* v. *Reynolds,* 21 Cal.2d 580 [134 P.2d 251]; *Bancroft* v. *Bancroft,* 178 Cal. 352 [173 P. 582]; *Smith* v. *Smith,* 94 Cal.App. 172 [270 P. 995]; *Treece* v. *Superior Court,* 113 Cal.App. 728 [298 P. 1040]; *Moore* v. *Gosbey,* 130 Cal.App. 70 [19 P.2d 995], and *Parker* v. *Parker,* 22 Cal.App.2d 139 [70 P.2d 1003].

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 15, 1947.