[L. A. No. 23450. In Bank. Oct. 28, 1955.]

PEIRSON M. HALL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GERTRUDE M. HALL, Real Party in Interest and Respondent.

Irving M. Walker, James C. Sheppard and Sheppard, Mullins, Richter & Balthis for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

William J. Currer, Jr., for Real Party in Interest and Respondent.

EDMONDS, J.—Peirson M. Hall appealed "from that part of an interlocutory decree which ordered him to pay alimony and the fees of Mrs. Hall's attorneys." This court ordered that "[i]nsofar as the judgment awards Mrs. Hall $350 per

month for support and maintenance, it is reversed; in all other respects it is affirmed.'' (*Hall* v. *Hall,* 42 Cal.2d 435, 436, 442 [267 P.2d 249].)

On the same day that the remittitur was filed, upon the ex parte application of Hall, a final judgment of divorce was granted, incorporating by reference the provisions of the interlocutory decree. Mrs. Hall attempted unsuccessfully to have execution on the judgment issued. She then moved to vacate the judgment. While that motion was pending, she obtained orders to show cause why Hall should not be required to pay temporary alimony, costs and attorneys' fees ''during the pendency of this action.'' Before the time set for the hearing upon these orders, Hall filed written opposition and gave notice of motions for entry of final judgment and for orders determining his existing liability, if any, and fixing the amount of permanent alimony.

There have been no rulings made on the orders to show cause nor upon subsequent motions by Mrs. Hall for temporary alimony and attorneys' fees. However, the final judgment has been set aside upon the grounds that it was void and obtained by inadvertence. Hall noticed an appeal from the order of vacation but later abandoned it.

A minute order recites that the ''Motion of defendant for Order Determining Liability of Defendant, if any, and Fixing Amount thereof'' came on for hearing and that the ''Oral motion of counsel for defendant to fix amount of permanent alimony is argued and denied.'' Thereafter, the court denied a motion to reconsider that ruling. It also denied a motion later made to ''reconsider its decision re: Liability of Defendant and the fixing of permanent alimony'', and denied a ''renewed motion'' to fix permanent alimony.

By his present petition, Hall seeks a writ of mandate commanding the superior court ''to hear and determine the motion of your petitioner for an order fixing the amount of permanent alimony'' to be paid to Mrs. Hall and requiring it to ''desist and refrain'' from hearing her application for temporary alimony, costs and attorneys' fees. But the record shows that the superior court has heard and determined adversely to Hall his motion to fix permanent alimony as well as three subsequent motions to reconsider its ruling. By his demand for affirmative action he is endeavoring to compel the court to hear a motion which has been ruled upon.

However, the memorandum of points and authorities and briefs in support of the petition state that the order made

upon his motion to determine his liability for permanent alimony was erroneous. His position is that the remittitur in *Hall* v. *Hall, supra,* commands the trial court to fix permanent alimony and that it has no jurisdiction to give any other relief.

The judgment and order of this court on the appeal was a partial reversal of the portion of the judgment from which the appeal was taken, without directions. In a civil action such a reversal remands the cause for a new trial. (*Erlin* v. *National Union Fire Ins. Co.,* 7 Cal.2d 547, 549 [61 P.2d 756] ; *Estate of Pusey,* 177 Cal. 367, 371 [170 P. 846].) "[A]n unqualified reversal remands the cause for a new trial (citation), and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable." (*Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438, 443 [257 P. 521].) This principle is equally applicable to a partial reversal of a judgment. (*Cf. Pillsbury* v. *Superior Court,* 8 Cal.2d 469, 472 [66 P.2d 149].)

In *Hall* v. *Hall, supra,* the partial reversal of the judgment was unqualified, and the opinion in no way restricts the scope of a retrial of the issues set at large. The basis of the order was the conclusion that "the needs of the respective parties do not justify the amount of alimony here allowed to the wife." (42 Cal.2d at 442.) Necessarily that conclusion rests upon the evidence then before the court. (*Cf. Erlin* v. *National Union Fire Ins. Co., supra,* 7 Cal.2d at 548.) Mrs. Hall now may be able to present evidence tending to show different circumstances than those shown by the record in the former trial, and she so asserts in affidavits in support of her motions for temporary alimony and counsel fees.

Hall does not allege, and the record does not show, that he has complied with the rules governing a setting for trial in the superior court. (Rule 6, Rules for Superior Courts.) Essentially, by this proceeding he is seeking to compel the superior court to fix the amount of permanent alimony without a retrial. But, without the consent of the parties, the trial court could not determine that matter solely on the basis of the record in the former trial. (*Blache* v. *Blache,* 37 Cal.2d 531, 535 [233 P.2d 547].) To do so would be prejudicial error (*Heinfelt* v. *Arth,* 4 Cal.App.2d 381, 384 [41 P.2d 191]), and there is no legal basis for compelling

by writ of mandate action by the trial court which should be obtained under established procedure. If, as Hall claims, the procedure for setting the matter for trial may cause hardship through delay, there is available to him a method of advancing the date of a trial. (Rule 12, Rules for Superior Courts.)

The further contention is made that Mrs. Hall waived her procedural rights by waiting more than five months after the remittitur was filed to have the cause set for retrial and by not moving to strike Hall's motion that permanent alimony be fixed by the court. During that period, however, Hall had equal opportunity to have the case set for retrial, and the trial judge was justified in concluding that Mrs. Hall's failure to do so resulted from the uncertainty created by her husband's entry of a final judgment of divorce and the necessity of contesting that order. No authority is cited for the proposition that Mrs. Hall waived her right to object to Hall's motion by proceeding to argue it at the time set for a hearing upon it instead of interposing a motion to strike. In any event, all of these objections, at most, would be grounds for showing an abuse of discretion by the trial judge in failing to dispense with the procedure required for setting the case for trial. The record does not include a transcript of the proceedings in which rulings upon the various motions were made, and an abuse of discretion may not be presumed. (*Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 387 [267 P.2d 257].)

Hall's petition for mandate also is directed toward prohibiting a hearing upon Mrs. Hall's motions for temporary alimony, costs and attorneys' fees. The court is authorized to make those awards "[d]uring the pendency of any action" for divorce. (Civ. Code, §§ 137.2, 137.3.) Section 1049 of the Code of Civil Procedure states that an action is pending "from the time of its commencement until its final determination upon appeal."

Sections 137.2 and 137.3 are a restatement of former section 137 of the Civil Code. *Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321], considered the authority of the superior court to award counsel fees and costs in connection with the application of the wife for a writ of prohibition pending an appeal from an order of modification of the terms of a final decree of divorce relating to the custody of the children. It was pointed out that "under section 137 . . . the phrase therein, 'when an action for divorce is pending,' embraced

many diverse proceedings growing out of the divorce action and arising after the entry of a final decree.'' (P. 685.) After reviewing several decisions involving awards of counsel fees and costs made during the pendency of proceedings to enforce or modify awards of permanent alimony or to construe the provisions of a property settlement agreement, the court concluded that attorneys' fees and costs properly were allowed. ''On principle,'' it was said, ''there is no difference between actions in which a woman is compelled by her former husband to resist by an appeal a proceeding brought by him to modify a custody or alimony award and actions in which she is compelled to seek prohibition to prevent improper modification of such awards.'' (Pp. 685-686.) ▉ The Lerner case and authorities cited support the contention that the trial court in the present action has authority to award to Mrs. Hall the attorneys' fees and costs necessary to enable her to prosecute her demand for permanent alimony. (Accord: *Dexter* v. *Dexter,* 42 Cal.2d 36, 44 [265 P.2d 873]; *Wilson* v. *Wilson,* 33 Cal.2d 107, 115 [199 P.2d 671].)

▉ Similarly, awards of temporary alimony made after the entry of an interlocutory decree have been upheld. (*Nelson* v. *Nelson,* 7 Cal.2d 449, 453 [60 P.2d 982] [during the appeal by the husband from an order granting the wife's motion to vacate the final decree]; *Bernard* v. *Bernard,* 79 Cal.App.2d 353, 358 [179 P.2d 625] [pending a hearing upon the wife's application for permanent alimony made after the interlocutory decree but before a final decree]; *DeLeshe* v. *DeLeshe,* 80 Cal.App.2d 517, 518 [181 P.2d 931] [pending appeal from an order modifying the interlocutory decree]; cases cited in *Kellett* v. *Kellett,* 2 Cal.2d 45, 49 [39 P.2d 203] [pending appeal from the interlocutory decree].) ▉ By the same principles, here, during the pendency of the proceeding to fix the amount of permanent alimony to be awarded to Mrs. Hall, the trial court has power to allow temporary alimony.

Neither *Wilson* v. *Superior Court,* 31 Cal.2d 458 [189 P.2d 266], nor *Harrold* v. *Harrold,* 43 Cal.2d 77 [271 P.2d 489], states a contrary rule. The Wilson case considered the effect of a failure to incorporate expressly in the final decree the provisions of the interlocutory judgment relating to permanent alimony. The rule applied in the controversy between the Harrolds was that a final decree might be entered under the circumstances there presented despite the pendency of litigation as to the rights of the parties to the community

property. The court did not decide whether such action would be proper if an issue relating to permanent alimony is pending, or, if such a judgment could be entered, what its effect might be upon the right to receive either temporary or permanent alimony.

An additional question is raised by Hall as to the circumstances which may be considered in fixing the amount of permanent alimony and the time when such an award should become operative. It is his position that the portions of the interlocutory decree from which no appeal was taken are now final and fix the right of Mrs. Hall to support as of the time specified therein for the commencement of his payments therefor. Upon a retrial to determine the amount of such payments, he maintains, the trial judge will be limited to a consideration of the circumstances existing at the date of the original trial. Mrs. Hall asserts that all of the circumstances, including those arising between the trial and a retrial, properly may be considered.

In theory, alimony is considered to be compensation to the injured spouse for the loss resulting from the other's breach of the obligations of the marital relationship. (*Arnold v. Arnold*, 76 Cal.App.2d 877, 885-886 [174 P.2d 674].)

But the right to receive it depends not alone upon the granting of a divorce for the fault of the opposing party, but also upon a showing that the circumstances of the parties justify the award made. (Civ. Code, § 139; *Bowman v. Bowman*, 29 Cal.2d 808, 811 [178 P.2d 751, 170 A.L.R. 246].)

Despite his prevalence in the divorce action, a spouse may acquire no right to permanent alimony in the absence of a provision for it in the decree. (*Puckett v. Puckett*, 21 Cal.2d 833, 841 [136 P.2d 1]; *Howell v. Howell*, 104 Cal. 45, 47 [37 P. 770, 43 Am.St.Rep. 70].)

In *Hall v. Hall, supra,* the portion of the interlocutory judgment dealing with permanent alimony provided that "the defendant pay to the plaintiff for her support and maintenance the sum of Three Hundred Fifty ($350.00) per month on or before the *6th* day of each calendar month, commencing July 6, 1952; and until the further order of the Court. . . ." Implicit in the judgment is the determination that the circumstances justified the award made but not that Mrs. Hall was entitled to some other, undisclosed, amount in the event of a retrial upon that issue. Hall's appeal from "that part of the judgment . . . rendered in favor of plaintiff Gertrude M. Hall, awarding said plaintiff Three Hundred Fifty Dollars ($350.00) per month for her support and

maintenance . . .'' placed in issue the sufficiency of the evidence to justify that portion of the judgment. The reversal of the judgment was predicated upon the conclusion that the circumstances did not justify the award. But this court did not decide nor infer that the wife would be entitled to some lesser amount when evidence was again presented in regard to her rights. On the contrary, and particularly in view of other circumstances which might be shown, justification might be found for awarding *no* amount for support and maintenance.

Under section 139 of the Civil Code, the trial judge has a broad discretion in fixing both the amount of alimony and the manner in which it shall be paid. It is considered to be the better practice to specify periodic payments (see *Tremper* v. *Tremper*, 39 Cal.App. 62, 65 [177 P. 868]), but the court may also require the payment of a lump sum. (*Honey* v. *Honey*, 60 Cal.App. 759, 762 [214 P. 250].) The only limitations placed by the section upon the time in which the order for support shall be operative are that the allowance must be made to a spouse ''for his or her life; or for such shorter period as the court may deem just''; also that the allowance terminates ''upon the death ·of the obligor or upon the remarriage of the other party.'' Generally, periodic payments commence with the effective date of the decree; but it is not an abuse of discretion to direct payment of permanent alimony ''from the appearance of the defendant in the action, or from its commencement'' (*Sharon* v. *Sharon*, 75 Cal. 1, 46 [16 P. 345]), or to reserve jurisdiction to consider it at some time after entry of the judgment of divorce. (See *McCaleb* v. *McCaleb*, 177 Cal. 147, 149 [169 P. 1023].)

The circumstances which the trial judge may consider in fixing permanent alimony include ''practically everything which has a legitimate bearing upon the present and prospective matters relating to the lives of both parties.'' (*Hall* v. *Hall, supra*, 42 Cal.2d 442.) To limit the court to a consideration of the circumstances existing at the time of the original trial would place an artificial and wholly unjustified restriction upon the exercise of his discretion. Necessarily, an award of alimony looks to the future. Unquestionably, if the trial judge were to fix alimony as of the date of the interlocutory decree without considering the presently existing circumstances he would be entitled to consider them in connection with a possible modification of the award. To

restrict him in the manner suggested by Hall could result only in a superfluous modification proceeding.

 Finally, some concern is expressed that payments previously made to Mrs Hall by stipulation and pursuant to an award of temporary alimony pending a retrial may overlap those required under an award of permanent alimony. It is to be presumed that the court will consider such payments in framing any decree for permanent alimony and give such proper credit for them as may be just.

The alternative writ is discharged and the peremptory writ denied.

Gibson, C. J., Shenk, J., Traynor, J., and Spence, J., concurred.

CARTER, J., Concurring and Dissenting.—I concur in the conclusion that petitioner is not entitled to a writ of mandate here. I do not agree, however, with the holding therein that the trial court, in fixing the amount of permanent alimony, should not be limited to a consideration of the circumstances existing at the time the interlocutory decree of divorce was granted.

Section 139 of the Civil Code provides that the trial court may make such suitable allowance to the wife as the court may "deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects. . . ." In *Hall* v. *Hall,* 42 Cal.2d 435 [267 P.2d 249], we reversed the judgment of the trial court insofar as it awarded Mrs. Hall $350 per month for her support and maintenance. Such a reversal set the matter of permanent alimony at large and remanded that part of the cause for a new trial. On the retrial of the amount of alimony to be awarded, I see no escape from the conclusion that the trial court is limited to a consideration of the circumstances of the parties as they existed at the time the original award was made. We held that the amount awarded to Mrs. Hall at that time constituted an abuse of discretion on the part of the trial court under the facts then prevailing. The code provides that the court may, from time to time, modify its orders with respect to the support provisions made by it. The modification must, however, be made upon a proper showing (*Bradley* v. *Bradley,* 40 Cal.App. 638 [181 P. 237]) that conditions have changed since the entry of the initial order (*Grant* v. *Grant,* 52 Cal.App.2d 359 [126 P.2d 130]; *Triest* v. *Triest,* 67 Cal.App.2d 320 [154

P.2d 2]) ; and only such facts as have arisen or have become known to the party since the entry of the decree may be the basis of modification (*Bradley* v. *Bradley,* 40 Cal.App. 638 [181 P. 237] ; *Ralphs* v. *Ralphs,* 86 Cal.App.2d 324 [194 P.2d 592]).

At the time the interlocutory decree was granted and the allowance for permanent support made to Mrs. Hall, the circumstances then prevailing led us to conclude that the award was excessive and constituted an abuse of discretion. Since that time, Judge Hall, as a federal district judge, has received an increase in salary. Had there been no reversal by this court, Mrs. Hall, upon proper application for modification, might have been able to show that because of changed circumstances she was entitled to a modification of the prior order for alimony as to future installments. The earlier order would, however, have been final as to accrued installments (*Zaragoza* v. *Zaragoza,* 48 Cal.App.2d 27 [119 P.2d 162] ; *Stevens* v. *Stevens,* 88 Cal.App.2d 654 [199 P.2d 314] ; *Steele* v. *Steele,* 108 Cal.App.2d 595 [239 P.2d 63] ). It seems most obvious here that on the retrial of the matter of support, the trial court must be limited to a consideration of the circumstances as they originally existed and that any modification must be made upon a proper showing of changed circumstances *and date from the time of such changed circumstances.* This is not to say that a new action must be brought because to avoid multiplicity of suits, a court, sitting in equity, may consider all related matters brought to its attention. It should be clearly understood, however, that any increase in salary received by Judge Hall since the time of the interlocutory decree should not be considered by the trial court in its retrial of the matter of permanent alimony as originally awarded. If this increase in salary should prompt the trial court to feel that an increase in support allowance should be made to Mrs. Hall, such increase should not be retroactive to the time the original award was made because of the circumstances *then* prevailing. In other words, it is my view that an award of permanent alimony must be based upon the circumstances of the parties existing at the date of the interlocutory decree, and any modification of such award may not take effect until the date a change in such circumstances is shown to exist. The trial court may, of course, retry the issue of permanent alimony and hear any application for modification at the same time.

Schauer, J., concurred.