[Civ. No. 19094. First Dist., Div. Two. Aug. 4, 1960.]

VIRGINIA H. HENLEY, Appellant, v. JAMES R. HENLEY, Respondent.

*Assigned by Chairman of Judicial Council.

Volney J. Tidball for Appellant.

No appearance for Respondent.

STONE, J. pro tem.*—Plaintiff filed an action for divorce upon the ground of defendant's extreme cruelty. The complaint alleged that the parties owned no community property and that plaintiff had "not sufficient money or means of her own with which to maintain and support herself . . .; that

---

*Assigned by Chairman of Judicial Council.

defendant is well able to maintain and support plaintiff, and is well able to pay plaintiff the sum of $50.00 per month for her support and maintenance.'' The defendant in propria persona answered by general denial and stipulated that findings of fact and conclusions of law, as well as notice of time and place of trial, were waived. The defendant did not appear at the trial and the hearing was in effect a default proceeding. At the trial plaintiff introduced a letter addressed to defendant, c/o Arnold J. Isbell, DD 869, c/o Fleet Post Office, San Francisco, California. This letter was in the nature of a proposed property settlement agreement in which the plaintiff and defendant agreed to each assume certain of the community debts, there being no community property to divide. The letter provides in part, ''She is willing to assume all the rest of the obligations, provided that you continue the allotment until the divorce is final, when she would expect to begin receiving the $50.00 per month.''

''. . . Instead of preparing a lengthy property settlement agreement, I have had a duplicate of this letter enclosed. There is no property that is community property since it was owned by each of you prior to your marriage. If you are in agreement with the provisions of this letter, please sign the original on the bottom, keeping the copy for yourself and returning the original to me with the other papers in the enclosed envelope.''

The defendant signed the letter and it was introduced as an exhibit on behalf of the plaintiff. The court then asked the plaintiff whether she had been married before and she replied that she had. The court asked her whether she was receiving support from her former husband and the plaintiff replied she was receiving $50 a month child support, and the court advised her that she could have the amount increased. No other or additional evidence was introduced concerning the plaintiff's circumstances. The court ordered the matter submitted and nine days later entered an interlocutory decree of divorce. In the form of decree which had been prepared and presented by counsel for plaintiff, the court struck out the provision for the allotment payment until the divorce became final and inserted in lieu thereof $1.00, and struck out the provision for payment of $50 per month support subsequent to the entry of final decree and inserted in lieu thereof $1.00. The plaintiff has appealed from the provisions of the interlocutory decree fixing the amount of alimony and support payments.

Property settlement agreements are favored in the

law (*Hill* v. *Hill*, 23 Cal.2d 82, 89 [142 P.2d 417]) and in the absence of a showing of fraud, undue influence or violation of the confidential relationship of the parties, they are binding upon the court. (*Adams* v. *Adams*, 29 Cal.2d 621, 624 [177 P.2d 265] and cases cited therein.) ■ However, if the provisions of the property settlement agreement for support and maintenance are separable from the provisions dividing the property and are unrelated thereto, the court has the power to modify the alimony provisions. (Civ. Code, § 139; *Hough* v. *Hough*, 26 Cal.2d 605, 612 [160 P.2d 15] ; *Adams* v. *Adams, supra.*)

■ An order modifying an agreement for alimony is entered pursuant to the same procedure *as is* the granting or denying of alimony in the absence of an agreement, and the amount awarded is within the discretion of the trial judge. (*Hall* v. *Superior Court*, 45 Cal.2d 377, 385 [289 P.2d 431] ; *Kopasz* v. *Kopasz*, 107 Cal.App.2d 308, 311 [237 P.2d 284] ; *Kalmus* v. *Kalmus*, 103 Cal.App.2d 405, 422 [230 P.2d 57].)

■ An appellate court will not interfere with the alimony provisions as fixed by the trial judge unless it appears on the face of the record that the discretion has been abused. (*Baldwin* v. *Baldwin*, 28 Cal.2d 406, 413 [170 P.2d 670].)

■ The court's authority to award alimony and support payments is statutory and is contained in Civil Code, section 139, which insofar as is here pertinent, provides "to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties. . . ." (*Hall* v. *Superior Court, supra,* p. 384; *Bowman* v. *Bowman*, 29 Cal.2d 808, 811 [178 P.2d 751, 170 A.L.R. 246].) ■ Plaintiff introduced the property settlement agreement in evidence and asked the court to approve it. She introduced no other evidence in support of her request for alimony. The court questioned her about her former marriage and child support in the sum of $50 which she was receiving from the father of her child by a former marriage, but asked no questions concerning her present circumstances or needs, nor about the defendant's circumstances or ability to pay as provided for in Civil Code, section 139. The court simply took the matter under submission and later struck from the proposed interlocutory decree the provisions for support, inserting in lieu thereof $1.00 per month. This constituted an abuse of discretion as there was no evidence before the court upon which its alimony decree was predicated.

Under the conditions prevailing, plaintiff's failure to introduce evidence of the circumstances of the parties could not be held prejudicial nor a waiver of her right to support. In good faith she offered an agreement between her and the defendant which was reasonable on its face and no contrary evidence was elicited. Had the court rejected the agreement when offered, or even at the conclusion of plaintiff's case, she would have been put on notice to present additional evidence in support of her request for alimony. As it was, she had the right to rely upon the agreement which had been received in evidence. The defendant was satisfied with the agreement to pay the standard military service allotment until the entry of the final decree, and then $50 per month. That he is still satisfied is apparent from his failure to oppose plaintiff's contention on this appeal.

That portion of the decree fixing alimony is reversed.

Kaufman, P. J., and Draper, J., concurred.