Filed 3/14/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RUEGG & ELLSWORTH et al., <br><br>     Plaintiffs and Respondents, <br> v. <br> CITY OF BERKELEY et al., <br><br>     Defendants and Appellants, <br> CONFEDERATED VILLAGES of LISJAN et al., <br><br>     Interveners and Appellants. | A164749 <br><br> (Alameda County <br> Super. Ct. No. RG18930003) |

The sole issue on this appeal is whether the trial court exceeded the scope of our remand instructions in *Ruegg & Ellsworth v. City of Berkeley* (2021) 63 Cal.App.5th 277 (*Ruegg I*). In that prior appeal, we reversed the trial court's denial of a petition for writ of mandate by which developers sought to compel the City of Berkeley (City) to grant a permit they had applied for pursuant to Government Code[1] section 65913.4, which provides for streamlined approval of certain affordable housing projects. Holding that denial of the permit violated section 65913.4, we remanded the case with directions for the trial court to grant the writ petition.

---

[1] Further statutory references will be to the Government Code unless otherwise specified.

On remand, in addition to granting the writ petition, the trial court found that denial of the permit application violated the Housing Accountability Act (HAA) (§ 65589.5) as well as section 65913.4.  The developers' writ petition had alleged violation of both statutes, but the trial court did not address the HAA issues in its first judgment and we found it unnecessary to address them in our *Ruegg I* opinion.

We conclude the trial court had jurisdiction to entertain and decide the HAA issues.[2]

## BACKGROUND

The statutes at issue in this case are among the measures the California Legislature has adopted over the years in efforts to address the crisis of insufficient housing and, in particular, affordable housing.  (*Ruegg I, supra,* 63 Cal.App.5th at pp. 295-297.)  Section 65913.4 provides for streamlined, ministerial approval of affordable housing projects meeting specified requirements and conditions.  (*Id.* at p. 286.)  The HAA, in brief, prohibits local agencies from disapproving a housing development project for very low, low- or moderate-income households without making specified written findings.  (*Id.* at pp. 295-296; § 65589.5, subd. (d).)

In 2018, the City denied an application by Ruegg & Ellsworth and Frank Spenger Company (Ruegg) for ministerial approval of a mixed-use development pursuant to section 65913.4.  (*Ruegg I, supra,* 63 Cal.App.5th at

_____

[2] Ruegg and intervenors Confederated Villages of Lisjan (CVL) filed writ petitions challenging the trial court's order requiring them to post a bond pursuant to section 65589.5, subdivision (m), which provides that a local agency appealing a judgment "shall post a bond, in an amount to be determined by the court, to the benefit of the plaintiff if the plaintiff is the project applicant."  In light of this opinion, the writ petitions are moot and will be dismissed by separate orders.

2

pp. 292-293.)[3]  Ruegg challenged the denial with a petition for writ of mandate, alleging that it violated both section 65913.4 and the HAA.  The Confederated Villages of Lisjan (CVL) intervened in the action.  (*Id.* at p. 294.)

The trial court found the City did not err in determining it was not required to approve the proposed project under section 65913.4 and denied Ruegg's petition for writ of mandate on that basis, without reaching the HAA issues.  (*Ruegg I, supra,* 63 Cal.App.5th at p. 294.)  We disagreed and directed the trial court to grant the writ petition.  Our disposition stated, "The judgment is reversed. The matter is remanded to the trial court with directions to grant the petition for writ of mandate."  (*Id.* at p. 329.)  We additionally noted, "Our conclusion that the City's denial of appellants' application for ministerial approval failed to comply with section 65913.4 makes it unnecessary for us to address [appellant's] additional contention that the City's denial violated the HAA."  (*Id.* at p. 329, fn. 40.)[4]

On remand, Ruegg argued that in addition to granting the writ requiring the City to issue the section 65913.4 permit, the trial court should decide the outstanding HAA issues.  The City and CVL argued the court lacked jurisdiction to do so because deciding these issues would exceed our

---

[3] The application was for a mixed-use development at 1900 4th Street in Berkeley (Spenger's parking lot).  (*Ruegg I, supra,* 63 Cal.App.5th at pp. 286-287.)

[4] Our opinion inadvertently referred to "respondents' and CVL's additional contention that the City's denial violated the HAA."  (*Ruegg I, supra,* 63 Cal.App.5th at p. 329, fn. 40.)  Context makes clear that the argument we were referring to was Ruegg's, and the trial court so understood our meaning.

3

remand directions. The court ordered briefing on the issue and set a hearing date.

At the hearing on October 29, after argument, the trial court concluded that it should determine the as yet undecided HAA issues. The court reasoned that it could not avoid ruling on these issues because they had been briefed, had not been waived, and had not been determined "by anybody," but rather "fell by the wayside because of the denial as to the SB 35 claim." Accordingly, the court believed it would "most closely comply with the court of appeal's instructions" by issuing a writ of mandate on the first cause of action (violation of § 65913.4) and bifurcating the remainder of the causes of action (violation of the HAA, injunctive relief, declaratory relief) for determination on the existing record. The court set a hearing date over two months in the future to allow the City and CVL to "file a writ and test whether the court of appeal actually was making a determination about the previous denial of a petition being—including the Housing Accountability Act."[5]

On November 3, 2021, following our instructions on remand, the trial court granted the writ petition with respect to the first cause of action and ordered issuance of a peremptory writ commanding the City to issue the permits required by section 65913.4 and to file a return to the writ within 30 days. Its order further concluded that it had jurisdiction, and was obligated, to address the merits of the remaining causes of action and set a briefing schedule and hearing date. The writ issued the same day.

---

[5] The City filed a petition for writ of prohibition/mandate in this court challenging the trial court's decision to hear and decide the HAA claims, which we denied on December 7, 2021.

4

The City rescinded its denial of Ruegg's permit application and, on December 8, 2021, issued the permit and filed its return to the writ in the trial court.

The trial court hearing on the merits of the HAA claims took place on February 4, 2022. After hearing the parties' arguments, the court concluded that the City's denial of the section 65913.4 permit application violated the HAA.

On February 22, 2022, the court filed its order granting the petition with respect to the second, third, fourth and fifth causes of action.[6] As to the second and third causes of action, the court found that the City's disapproval of the project application violated the HAA; found the necessary action for compliance was for the City to grant the permit and otherwise comply with the November 2021 order and writ of mandate; and stated it was exercising continuing jurisdiction to determine whether to order further remedies pursuant to section 65589.5, subdivisions (k) and (*l*), or other applicable law, if the City did not comply with the court's writ and orders. As to the fourth and fifth causes of action, the court found Ruegg was entitled to the "albeit duplicative" injunctive relief ordered in the writ and declared that the HAA and section 65913.4 both apply to the project; that both laws required the City to approve the project; that the City violated both laws when it disapproved the project; and that Ruegg "may seek such post-judgment relief as may be available for a violation of the HAA as well as for a violation of SB

_____

[6] The court's order states that the project is a housing development project that complied with applicable objective standards and qualified as a housing development project for very low, low- or moderate-income households; Ruegg was entitled to the permit; and the City disapproved the project without making the findings required by the HAA.

5

35." The court entered judgment in favor of Ruegg and retained jurisdiction over costs and attorneys' fees.

The City and CVL filed timely notices of appeal.

## DISCUSSION

The City argues that the trial court lacked jurisdiction to decide the merits of the HAA claims because doing so would exceed the scope of our remand instructions in *Ruegg I*. The City additionally argues that Ruegg forfeited the HAA claims by failing to seek rehearing in *Ruegg I* in order to ask us to modify the remand instructions to include further proceedings on the HAA claims. CVL, in addition to joining the City's arguments, contends the trial court erred in determining the HAA claims because they were rendered moot by the issuance of the writ of mandate. Neither the City nor CVL challenge the merits of the trial court's decision, only the court's authority to address these issues.

### A. Governing principles

" 'A reviewing court has authority to "affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had." (Code Civ. Proc., § 43.) The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned.' (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 . . . ; accord, *Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5 ['the terms of the remittitur define the trial court's jurisdiction to act'].) 'The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void.' (*Hampton v. Superior Court* (1952) 38 Cal.2d 652, 655 [(*Hampton*)].)" (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210

6

Cal.App.4th 851, 859 (*Ayyad*).) 'The issues the trial court may address in the remand proceedings are therefore limited to those specified in the reviewing court's directions, and if the reviewing court does not direct the trial court to take a particular action or make a particular determination, the trial court is not authorized to do so. [Citations.]" (*Id.* at pp. 859–860.) "Any material variance from the directions is unauthorized and void." (*Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 (*Butler*); *In re Candace P.* (1994) 24 Cal.App.4th 1128, 1131.)

We review de novo a claim that the trial court did not follow the directions contained in the dispositional language of our previous opinion. (*Ayyad, supra,* 210 Cal.App.4th at p. 859.) We look to the wording of our directions, read in conjunction with the opinion as a whole. (*Ibid.*; *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 302 (*Bach*).)

## B.  Scope of our remand instructions

As earlier indicated, our disposition in *Ruegg I* remanded the case to the trial court "with directions to grant the petition for writ of mandate." (*Ruegg I, supra,* 63 Cal.App.5th at p. 329.) The City argues that deciding the HAA issues exceeded the scope of our directions because it was unnecessary to decide these issues in order to issue the writ.

The City likens this case to *Hampton, supra,* 38 Cal.2d 652. In that case, a contractor prevailed on contract claims against property owners, whose cross complaint for loss of rent was rejected. (*Id.* at p. 654.) The judgment was reversed on appeal with directions for the trial court to enter judgment denying the contractor relief on the contract and denying the property owners recovery for rent. (*Ibid.*) The trial court, however, set the matter for further trial on additional issues the contractor sought to raise, which *Hampton* characterized as a theory of quantum meruit. (*Id.* at p. 655.)

7

*Hampton* issued a writ of prohibition, holding that the appellate court's order to enter judgment against the contractor precluded trial on additional issues. (*Id.* at p. 656.)

We do not share the City's view that *Hampton* is analogous to the present case. In *Hampton,* the quantum meruit theory had never been raised prior to the reversal and remand and, if successful, would have undermined the appellate court's order. (38 Cal.2d at p. 656.) Here, Ruegg's petition for writ of mandate alleged violations of the HAA as well as of section 65913.4, neither the trial court nor this court had addressed the HAA issues, and determining them would not change the result we ordered, only inform the relief Ruegg would be entitled to under the writ we directed the trial court to issue.

The other cases the City discusses also involve situations distinct from the one before us. In *Bach, supra,* 215 Cal.App.3d 294, the county sued to enforce a zoning regulation prohibiting operation of a law practice in a residence and the property owner cross complained, alleging civil rights violations. (*Id.* at p. 299.) The trial court denied injunctive relief as to the property owner's practice of law at the residence under an exception in the zoning regulation for occupants of the residence, but enjoined the property owner from employing anyone who did not reside on the premises. (*Ibid.*) The appellate court found the exception did not apply, reversed the denial of injunctive relief to the county, and "remanded the matter 'for further proceedings consistent with this opinion.'" (*Id.* at p. 302.) The property owner then sought an evidentiary hearing on changed circumstances in the neighborhood between the time of trial and issuance of the remittitur. (*Id.* at p. 300.) *Bach* upheld the trial court's refusal to conduct the evidentiary hearing, explaining that "[r]ead in conjunction with the appellate opinion as a

8

whole, the *Bach I* remand for further proceedings simply directed the trial court to vacate the injunction it previously issued and ordered the court to issue a new injunction consistent with the *Bach I* opinion, i.e., enjoining the Bachs from [conducting a law practice on the premises]. The opinion did not direct or authorize the trial court to hold the evidentiary hearing sought by the Bachs." (*Id.* at p. 303.) As in *Hampton, supra,* 38 Cal.2d 652, the issues the property owner sought to raise on remand were new to the case and, if successful, would have led to a result contrary to the appellate court's order.

*Butler, supra,* 104 Cal.App.4th 979, is to similar effect. The trial court struck the defendant's answer due to discovery noncompliance and, after a default prove-up hearing, ordered nominal damages for the plaintiffs. (*Id.* at p. 981.) The case was reversed on appeal on the basis that the ruling was arbitrary and disregarded evidence presented at the hearing. (*Ibid.*) Remand instructions directed the trial court to "enter a new default judgment in accordance with the evidence [plaintiff] presented at the default prove-up hearing . . . ." (*Ibid.*) On remand, however, the trial court granted the defendant's motion for reconsideration of the order striking her answer and ordered that the defendant could call witnesses at trial with specified notice to the plaintiffs. (*Ibid.*) *Butler* held the trial court materially departed from the remand order, which directed reevaluation of the evidence presented at the prove-up hearing and "did not leave open the option of reconsidering prior rulings or reopening the case on the facts and allowing a trial." (*Id.* at p. 982.)

In *Ayyad, supra,* 210 Cal.App.4th 851, the case the City most heavily relies upon, the initial appeal affirmed a judgment for the plaintiffs and order granting plaintiffs a partial new trial on specific damages issues, and remanded for proceedings limited to retrial of those damages issues. (*Id.* at

9

p. 854.) On remand, the defendant moved to compel arbitration of the same claims that had been resolved by affirmance of the judgment. (*Ibid.*) The trial court properly refused to entertain the motion to compel because its jurisdiction was limited to the issues specified in the dispositional language of the appellate court's opinion. (*Ibid.*) *Ayyad* rejected the defendant's suggestion that the trial court was free to consider the arbitration motion because the initial appellate opinion did not address arbitration, holding that a trial court's jurisdiction on remand "extends only to those issues on which the reviewing court *permits* further proceedings" and the trial court "may not expand the issues on remand to encompass matters outside the scope of the remittitur merely because the reviewing court has not expressly forbidden the trial court from doing so." (*Id.* at p. 863.) It was particularly easy for *Ayyad* to reject the defendant's argument because the remand directions expressly limited the matters to be retried to the specified damages issues and the defendant's motion to compel arbitration sought to relitigate the entire controversy. Indeed, *Ayyad* described the motion to compel arbitration as an "11th-hour attempt to undo the result of years of litigation." (*Id.* at p. 864.)

All these cases involved obvious departures from remand instructions: introduction of a new theory of recovery, not previously presented to the trial or appellate court, by the party against whom the appellate court ordered judgment to be entered (*Hampton*); reconsideration of a prior trial court order so as to allow a trial when the remand instructions called for entry of a default judgment (*Butler*); request for an evidentiary hearing on changed circumstances after the appellate court ordered specific injunctive relief (*Bach*); relitigation of the entire case on a remand for retrial solely on specified damages issues (*Ayyad*).

10

Conversely, the cases the City offers to illustrate proceedings on remand that are appropriate despite not being "specifically directed" by the remand instructions involve proceedings that were patently necessary to effectuate the remand instructions. In both *Carroll v. Civil Service Com.* (1973) 31 Cal.App.3d 561 (*Carroll*) and *Currieri v. City of Roseville* (1975) 50 Cal.App.3d 499 (*Currieri*), the appellate court ordered reinstatement of an improperly fired employee with back pay, a party challenged an aspect of the trial court's calculation of the award on remand, and the subsequent appeal confirmed the trial court's authority to make the findings needed to determine the appropriate amount of the award.[7] Clearly, where an

_____

[7] The first appeal in *Carroll, supra,* 31 Cal.App.3d 561 reversed an order for back pay because it did not include offsets to which the county employer might be entitled, noting examples of potential offsets, and directed that the employee be restored to his job with " 'whatever back pay he may legally be entitled to receive.' " (*Id.* at p. 564.) The issue on the second appeal was the validity of an offset that was not one of the examples noted in the first opinion. *Carroll* did not address any question whether the trial court exceeded the scope of the remand instructions; it simply stated that the first appeal did not resolve the question because, while that opinion was law of the case with respect to the questions it decided, it "did not purport to decide all of the possible offsets to which the county may be legally entitled" and "was exemplary, not exhaustive." (*Id.* at p. 564.)

In *Currieri, supra,* 50 Cal.App.3d 499, another back pay case, the remanding court noted that " 'earnings from other sources' " must be deducted from any back payments due. (*Id.* at p. 502.) On remand, the trial court denied back pay for a period in which the court found the employee failed to satisfy his duty to mitigate damages. (*Id.* at p. 502.) Relying in part on *Carroll, Currieri* rejected the argument that the trial court exceeded its jurisdiction and could not consider the mitigation issue, holding that the remand instruction to deduct earnings from other sources was not "exhaustive" but rather "avoided any impression that the trial court was limited on remand to a mathematical award of back pay without a full inquiry." (*Id.*, 50 Cal.App.3d at p. 503.)

11

appellate court orders a money judgment, it is necessary for the trial court to determine the amount of the award. But this illustration of the point that a trial court is authorized to take actions that are not expressly stated in remand instructions but necessary to effectuate the instructions does little to inform analysis of the issues in the very different circumstances of the present case.

Here, the trial court did as we directed: It issued the writ of mandate compelling issuance of the permit required under section 65913.4. The question is whether it exceeded the scope of our remand order by then determining, in light of our holding that the City's disapproval of the permit violated section 65913.4, the as yet unadjudicated issue of whether the disapproval also violated the HAA.

The City takes too narrow a view in arguing that it was not necessary to decide the HAA issues because, pursuant to our remand instructions, the City would have to, and did, issue a section 65913.4 permit. While the trial court did not need to decide the HAA issues in order to compel the City to issue a permit under section 65913.4, deciding those issues was necessary to fully resolve whether Ruegg was entitled to the relief sought by its petition – that is, the extent of the relief afforded by granting the writ petition.

The HAA issues were not new to the case: They had been presented to the trial court and to this court in *Ruegg I*. The trial court had not addressed them, presumably because its determination that section 65913.4 did not require the City to approve the project resolved the case: Ruegg had applied for a permit under section 65913.4's streamlined, ministerial approval process and the trial court's finding that the City's denial complied with that process meant Ruegg was not entitled to the permit regardless of any issues under the HAA. Our subsequent determination that Ruegg was entitled to

12

approval of its project under section 65913.4 made the HAA issues relevant, but it was not necessary for us to decide them because the error with respect to section 65913.4 required reversal of the trial court's order and issuance of the writ compelling compliance with section 65913.4 without regard to the HAA.

Contrary to the City's characterization, we did *not* hold that "further litigation of the HAA claims is not necessary" or that "consideration of the HAA claims is unnecessary to the outcome." We said it was "unnecessary *for us* to address" the HAA claims. There is nothing unusual about an appellate court declining to resolve in the first instance issues that a trial court's initial erroneous ruling made it unnecessary for the trial court to address. (See *American Foreign Service Assn. v. Garfinkel* (1989) 490 U.S. 153, 161 [declining to decide issue without benefit of lower court's analysis].) Our decision resolved the merits of the section 65913.4 issues upon which the trial court based its decision to deny Ruegg's writ petition and left the undecided HAA issues undecided.

Had we simply reversed the trial court's judgment, all issues in the case would have been subject to relitigation. "[I]n general, ' "[a]n unqualified reversal remands the cause for a new trial . . ., [citation], and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable." [Citation.] This principle is equally applicable to a partial reversal of a judgment.' (*Hall v. Superior Court* (1955) 45 Cal.2d 377, 381 . . . ; accord, e.g., *Bevis v. Terrace View Partners, LP* (2019) 33 Cal.App.5th 230, 263.)" (*Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2019) 43 Cal.App.5th 988, 1001.)

13

Our disposition in *Ruegg I* strictly limited what the trial court could do on remand with respect to the issues we decided—that the City violated section 65913.4 and Ruegg was entitled to issuance of the ministerial permit. We directed the trial court to issue the writ of mandate and the trial court had no choice but to do so. But this resolved only the issues under section 65913.4. In stating that it was not necessary for *us* to address the HAA issues, we did no more than leave those issues—which had not yet been addressed by the trial court—open for determination by the trial court.

The City maintains that the trial court "varie[d] materially" from our remand instructions by holding proceedings on the HAA issues, in that resolution of these issues would add nothing to the relief afforded by granting the writ and issuing a permit under section 65913.4. In the City's view, the lack of necessity for deciding the HAA issues is demonstrated by the fact that the trial court granted the writ petition and issued the writ of mandate before hearing and deciding the section HAA issues. The City sees the trial court as having confirmed the lack of necessity, and its understanding that resolving the HAA issues added nothing, by its order stating that "the necessary action City must take to comply with the HAA" was to "grant the permit and otherwise comply" with the previously issued court order and writ.

The City's premise—that resolving the HAA issues added nothing to the relief afforded by the writ of mandate—is not accurate. The initial writ of mandate compelled issuance of the permit required by section 65913.4. But this was not the full relief sought by Ruegg's writ petition. Unlike section 65913.4, section 65589.5 authorizes a court not only to require the local jurisdiction to approve a project (in the specified circumstances) but also to order compliance with statutory requirements regarding conditions on the project, to retain jurisdiction to ensure its orders are carried out, to impose

14

fines for noncompliance and to award attorney fees. Accordingly, here, once the trial court found that the City violated the HAA, it modified its judgment to include that it was "exercis[ing] continuing jurisdiction to determine whether to order further remedies pursuant to Gov. Code § 65589.5, subds. (k) and (*l*), or other applicable law, if the City were not to comply" with the court's writ and orders, and that Ruegg "may seek such post-judgment relief as may be available for a violation of the HAA as well as for a violation of SB 35."

We do not agree with the City's suggestion that interpreting our disposition to permit resolution of the HAA claims would permit trial courts to "hold any and all proceedings on remand that [do] not strictly violate the law of the case doctrine." This case presents a particular procedural scenario. To reiterate, our direction in *Ruegg I* for the trial court to grant the petition for writ of mandate was based solely on our conclusion that the City failed to comply with section 65913.4. We expressly stated that this conclusion made it unnecessary for *us* to address the HAA issues. Ruegg's writ petition alleged violation of the HAA as well as section 65913.4, but the trial court had no reason to consider the HAA issues once it (erroneously) determined that the City properly refused to approve the project under section 65913.4. After we reversed the trial court's decision, the HAA issues became relevant to define the terms of the writ. We did not intend, and we do not believe our opinion in *Ruegg I* cannot reasonably be read as contemplating, that the HAA issues would simply drop out of the case without resolution. To the extent our disposition was ambiguous, it is to be interpreted " 'in light of the law and the appellate opinion.' " (*Ayyad, supra,* 210 Cal.App.4th at p. 863, fn. 7; see *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435 ["To the extent that the dispositional language used in our remittitur did not expressly state that

15

appellant, as the prevailing party on the only issue in the appeal, was to be included in proceedings on remand to remedy the error, the opinion as a whole compels that interpretation"].)

The trial court did not err in concluding it had jurisdiction to resolve the HAA issues.

## C. Forfeiture

The City contends that Ruegg forfeited the HAA claims by failing to seek rehearing of our *Ruegg I* opinion in order to request modification of the remand instructions to encompass further proceedings on the HAA claims.

"A petition for rehearing is the correct remedy to address material inaccuracies or omissions in a disposition." (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 314.) " '[I]f a court of review inadvertently omits to include in its instructions to a trial court upon the reversal of a judgment essential elements within the issues necessarily determined on the appeal, the aggrieved party has his remedy in a petition for rehearing. A trial court may not exceed the specific directions of a court of review in remanding a cause after a reversal of the judgment on appeal and add thereto conditions which it assumes the reviewing court should have included.' [Citation.]" (*Hampton, supra,* 38 Cal.2d at p. 656.)

The City's argument depends on its characterization of our disposition in *Ruegg I* as suffering from material inaccuracies or omissions. By not expressly directing the trial court to consider and determine the HAA issues, however, we did not omit "essential elements within the issues necessarily determined on the appeal." (*Hampton, supra,* 38 Cal.2d at p. 656.) Our opinion decided only the section 65913.4 issues. We did not determine the HAA issues and the trial court had not determined them; we simply found it unnecessary to decide them in the first instance. Ruegg was not required to

16

seek rehearing in order to preserve the HAA issues because our disposition, read together with footnote 40 and the opinion as a whole, gave no reason to believe the HAA issues were not to be resolved.

## D. Mootness

CVL argues that Ruegg's HAA claim was rendered moot when the trial court issued the writ of mandate.  "A case is considered moot when 'the question addressed was at one time a live issue in the case,' but has been deprived of life 'because of events occurring after the judicial process was initiated.' " (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1574, quoting *Younger v. Superior Court* (1978) 21 Cal.3d 102, 120.)  "The pivotal question in determining if a case is moot is . . . whether the court can grant the plaintiff any effectual relief." (*Ibid.*)

CVL argues that the trial court's issuance of the writ of mandate requiring the City to issue the section 65913.4 permit to Ruegg mooted the HAA issues because a ruling on those issues could not provide effectual relief, especially since the City has issued the permit.  Responding to one of Ruegg's arguments in the trial court,[8] CVL maintains that the fact the HAA provides for an award of attorneys' fees to the prevailing plaintiff/petitioner in an enforcement action is insufficient to avoid finding the claims moot because "it is settled that an appeal will not be retained solely to decide the question of liability for costs." (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134 (*Paul*).)  CVL acknowledges that appellate courts will retain jurisdiction

---

[8] Ruegg argued the HAA issues were not moot because of the remedies available under the HAA, including but not limited to attorneys' fees.  Ruegg also argued it was not reasonable to view the HAA issues as moot when the City only issued the permit because this court and the trial court ordered it to do so.

despite mootness of the underlying claims where an appeal also challenges an existing attorneys' fees award, because review of underlying claims is necessary for review of the fee award, but distinguishes such cases from ones in which there has not yet been a fee award. Here, the trial court issued the writ of mandate before determining the HAA issues that would support awarding attorneys' fees.

We need not determine whether the availability of attorneys' fees alone would be sufficient to find the HAA issues were not moot.[9] Attorneys' fees are not the only relief available under the HAA that is not available under section 65913.4. As we have said, the HAA authorizes a trial court that finds a violation of the statute with respect to approval of a project or conditions imposed on it to compel compliance, retain jurisdiction to ensure enforcement of its orders and impose fines for noncompliance.[10] (§ 65589.5, subd. (k).)

---

[9] *Paul, supra,* 62 Cal.2d at p. 134, and the cases it cited, held that an *appeal* which has become moot will not be retained where the only remaining issue is liability for *appellate* costs. That holding is not necessarily dispositive of the question whether the potential for recovery of attorneys' fees in proceedings to enforce the HAA can be considered effectual relief where the local agency alleged to have violated the HAA has been compelled to approve a project under a separate law. Additionally, at least one court has questioned "the wisdom of mechanically denying review" where only liability for costs is at issue. (*Cinnamon Square Shopping Center v. Meadowlark Enterprises* (1994) 24 Cal.App.4th 1837, 1843, fn. 2.)

[10] CVL asserts that Ruegg's "potential, unadjudicated, claims for enforcement fines or attorneys' fees are no different than the potential, unadjudicated, claim for costs at issue in *Paul.*" CVL sees the possibility of "recovering fines" as "squarely within *Paul*'s rationale," but this point is far from self-evident. *Paul* did not present any "rationale" for the rule that liability for costs, alone, is insufficient to avoid finding an appeal moot; it simply cited cases supporting its statement that the point was "settled." (*Paul, supra,* 62 Cal.2d at p. 134.) Moreover, *Paul* discussed the potential for "civil penalties" separately from the issue of costs. As to the former, the court

18

Accordingly, determining the merits of the HAA issues did allow the trial court to provide effectual relief even though it had already compelled the City to issue the ministerial permit required by section 65913.4.  The availability of these protections is forward-looking; it is not meaningless despite CVL's observation that Ruegg has not shown that the City's conduct "will ever require any enforcement action pursuant to the HAA."

## DISPOSITION

The judgment is affirmed.

---

explained that even if a judgment for the penalties was obtained, there was no possibility of it being paid because the defendant company had lost its license, become bankrupt and sold all its assets.  (*Id.* at p. 133.)  After explaining why other issues in the case were moot, *Paul* stated, "Finally, it is settled that an appeal will not be retained solely to decide the question of liability for costs."  (*Id.* at p. 134.)

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Petrou, J.*




A164749, *Ruegg & Ellsworth et al. v. City of Berkeley, et al.*



_____

   * Associate Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

20

Court:  Alameda County Superior Court

Trial Judge:  Hon. Frank Roesch

Berkeley City Attorney's Office, Farimah Faiz Brown, City Attorney, Brendan Darrow, Deputy City Attorney; Briscoe Ivester & Bazel, Tony Francois, Peter Prows; Burke, Williams & Sorensen, Kevin D. Siegel, Megan A. Burke, Deepa Sharma for Defendants and Appellants

Law Offices of Thomas N. Lippe, Thomas N. Lippe, for Interveners and Appellants

Holland & Knight, Jennifer L. Hernandez, Daniel R. Golub, Emily M. Lieban; Reed Smith, Raymond A. Cardozo, Brian A. Sutherland, for Plaintiffs and Respondents

A164749, *Ruegg & Ellsworth et al. v. City of Berkeley, et al.*