[S. F. No. 14351. In Bank.—January 31, 1933.]

GEORGE E. ERLIN, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY (a Corporation), Appellant.

Courtney L. Moore and John J. Dailey for Appellant.

Harry I. Stafford, Edward A. Cunha and Daniel R. Shoemaker for Respondent.

THE COURT.—This is an appeal from a judgment for the plaintiff in an action to recover insurance commissions alleged to have been earned by the plaintiff and for an accounting. At the close of the trial the accounting was had and judgment for the plaintiff was entered in the sum of $13,342.27.

In January, 1926, the plaintiff learned that West American Finance Company, hereinafter called the finance company, was about to change its insurance carrier. He approached the officers of that company and offered to obtain a new insurance carrier for them in their automobile financing operations. That company gave its consent to the plaintiff to go into the insurance market and obtain a proposition for it. Accordingly about January 21, 1926, the plaintiff called on W. R. Cole, an officer of the defendant National Union Fire Insurance Company, a Pennsylvania corporation duly licensed to do business in this state. On that day W. R. Cole gave to the plaintiff a typewritten proposition addressed to and which was submitted to the finance company. That communication set out certain percentages, ranging from 25 to 40, as the commissions payable to the finance company on premiums 'for various types of insurance written at the instance of that company. The plaintiff was also given a paper by Mr. Cole on which were stated certain gross percentages which, on some types of insurance, were from 5 to 10 per cent in excess of the percentages stated in the letter of January 21st to the finance company. It was the evident purpose of the second paper to submit to the plaintiff certain overriding commissions, which would be paid to him on business coming from the finance company. During the same period the finance company was contemplating the establishment of an insurance department and the plaintiff had been offered and was considering a position at a salary of $6,000 per annum to manage that department. When Mr. Haines, the general manager of the finance company, learned that the plaintiff was also negotiating with the defendant for an overriding commission, he objected to the same on the ground that the plaintiff could not well serve both companies at the same time. Further negotiations led to further dissatisfaction. Mr. Haines then notified the

defendant that his company would place no insurance with the defendant if the plaintiff were to receive any commission thereon. Whereupon the negotiations were at an end so far as the plaintiff was concerned.

Later on, under date of April 1, 1926, a contract was entered into between the finance company and the defendant calling for percentages payable to the finance company in substantially the same amounts as originally submitted to it by the defendant and pursuant to which the defendant issued policies at the instance of the finance company from the date of the contract until November 1, 1926. In connection with this business the finance company designated one Barry, an insurance broker, as the one to whom any overriding commissions should be paid. The commissions payable to the finance company and to Barry were paid to them, respectively, on all policies written under the contract of April 1, 1926.

There is no substantial conflict in the evidence and the facts hereinabove stated are without dispute. It may be said that the agreement alleged by the plaintiff, and it is not seriously disputed that the only agreement proved, is that the plaintiff should be entitled to overriding commissions from the defendant only in the event that he bring about the contract between the defendant and the finance company as the agent or broker in the transaction recognized as such by both parties to the contract. The evidence adduced fairly supports no other conclusion.

■ It was alleged in the complaint that the plaintiff brought about and consummated the agreement between the defendant and the finance company under which the latter company agreed to place its insurance with, and which was thereafter placed with, the defendant. There is no evidence in the record sufficient to support this allegation. Performance was not proved, but as an excuse for nonperformance the court found that the plaintiff had performed all things by him to be performed under the agreement between the plaintiff and the defendant, "and the court finds that such performance was attempted to be prevented by the sham, fraud and pretense of the defendant individually and in conjunction with the West American Finance Company in an attempt to deprive the plaintiff of his right to commissions that would accrue to

plaintiff under the agreement between plaintiff and defendant". The issues of sham, fraud and pretense were not tendered by the plaintiff and there is nothing in the pleadings to suggest them, and the findings of the court thereon constitute the only support for the conclusion of law and the judgment. Furthermore, there is no evidence in the record to support the findings thereon. This is certainly true so far as the defendant is concerned, and in so far as the finding applies to the finance company it is based on conjecture and surmise to the effect that the finance company acted in bad faith in refusing without sufficient cause to authorize or permit the plaintiff to consummate the transaction. Assuming that the conduct of the finance company amounted to bad faith, such bad faith on its part alone would not justify a judgment against this defendant on that ground.

It is an admitted fact that the plaintiff did not, at all the times involved in the controversy, possess an insurance broker's license as required by section 633a et seq. of the Political Code, and that during the negotiations in January, 1926, and until May 10, 1926, he did not have a license to act as the agent of the defendant company. There is much argument in the briefs as to whether, under these facts, the plaintiff was entitled to sue. These questions it is unnecessary to determine because, on the merits, the plaintiff is not entitled to recover.

The judgment is reversed.

Preston, J., and Curtis, J., dissented.

Rehearing denied. 