[No. B051410. Second Dist., Div. One. Feb. 25, 1993.]

ANA LARA, Plaintiff and Respondent, v.
SANTIAGO CADAG, Defendant and Appellant.

**COUNSEL**

Chelski, Hammock & Hedges and Randolph M. Hammock for Defendant and Appellant.

John F. Shoosmith, Jr., for Plaintiff and Respondent.

**OPINION**

**VOGEL (Miriam A.), J.**—The question before us is whether a plaintiff in pursuit of an award of punitive damages can satisfy her obligation to present evidence of the defendant's financial condition without some proof of his net

worth or something akin to "net worth." We hold that where, as here, the evidence is limited to proof of the defendant's annual income, there is insufficient evidence to support an award of punitive damages.

## FACTS

Plaintiff Ana Lara sued defendant Santiago Cadag for damages, asserting the usual assortment of intentional tort theories and alleging that Cadag had sexually assaulted her while she was working at his medical office as a nursing intern. Trial was to the court.

No evidence of Cadag's net worth was presented. The evidence of his financial condition, such as there is, came in by way of his answers to questions on cross-examination—that he owns and operates a family medical clinic with a monthly net profit of $3,000 and that he works part-time at another clinic where he earns an additional $5,000 to $6,000 each month. That is all there is. We do not have a clue about his assets or liabilities and we have no idea if he owns or owes money on a house or a yacht or a racehorse. Anything beyond the pure arithmetic necessary to figure out that his annual income is somewhere between $96,000 and $108,000 would be pure speculation.[1]

The trial court found in favor of Lara and awarded her compensatory damages of $30,000 and punitive damages of $70,000. Cadag appeals.

## DISCUSSION

 Cadag accepts the award of compensatory damages but challenges the punitive damage award, contending the evidence does not support an award of exemplary damages. We agree.

In *Adams* v. *Murakami* (1991) 54 Cal.3d 105, 109 [284 Cal.Rptr. 318, 813 P.2d 1348], our Supreme Court held that "an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful

---

[1]Other questions were asked but no meaningful answers were given. The trial court sustained objections at least twice, cutting off questions which by their terms (and by counsel's admission) demonstrated that Lara's attorney was attempting to use cross-examination as a substitute for a deposition which was never taken. Answers which were given added very little. Thus, for example, we know that in 1985 Cadag purchased a 1985 Nissan 200SX for $14,000 and financed the entire purchase price but we don't know how much of that obligation was paid by 1990 when this case was tried. Questions about other assets resulted in similarly incomplete answers.

evidence of the defendant's financial condition." The record before us does not satisfy this requirement.

Simply stated, there is no "meaningful evidence" of Cadag's financial condition. As the Supreme Court explained: "Because the quintessence of punitive damages is to deter future misconduct by the defendant, the key question before the reviewing court is whether the amount of damages 'exceeds the level necessary to properly punish and deter.' . . . The question cannot be answered in the abstract. The reviewing court must consider the amount of the award *in light of* the relevant facts. The nature of the inquiry is a comparative one. Deciding in the abstract whether an award is 'excessive' is like deciding whether it is 'bigger,' without asking 'Bigger than what?' [¶] A reviewing court cannot make a fully informed determination of whether an award of punitive damages is excessive unless the record contains evidence of the defendant's financial condition." (54 Cal.3d at p. 110.)

For this reason, evidence of a defendant's income, standing alone, is wholly inadequate. How can we determine whether a $70,000 award of punitive damages will deter future misconduct by Cadag? How can we say whether the award is excessive? Clearly, we cannot answer either question. If Cadag has assets worth millions of dollars and no liabilities, the fact that $70,000 is about three-fourth's of one year's income is a meaningless abstraction. (Compare *Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757, 820 [174 Cal.Rptr. 348].) Conversely, if he has liabilities exceeding assets and the award will force him into bankruptcy, $70,000 is excessive. (*Adams* v. *Murakami, supra,* 54 Cal.3d at p. 112 ["The purpose is to deter, not to destroy"].)

It is for this reason the Supreme Court articulated a standard calling for *meaningful* evidence of a defendant's *financial condition* and did not suggest that a bare showing of income would suffice. To the contrary, the high court consistently speaks in terms of "financial condition" (*Adams* v. *Murakami, supra,* 54 Cal.3d at pp. 110, 111, 112, 114, 115, 116) or "net worth" (*id.* at pp. 111, 113, 114) or the "defendant's ability to pay" (*id.* at p. 112).[2] Accordingly, although *Adams* expressly deferred deciding whether a particular measure of ability to pay is superior to all others or

---

[2]According to Black's Law Dictionary (5th ed. 1979), "financial worth" means the "value of one's property less what he owes, or the value of his resources less his liabilities." (*Id.* at p. 568.) Although "financial condition" is not defined, a "financial statement" is described as any "report summarizing the financial condition or financial results of an organization on any date or for any period. . . ." (*Ibid.*)

whether a single standard is appropriate in all cases (*id.* at p. 116, fn. 7), the language used by the court provides ample support for concluding that, whatever the ultimate resolution of the issue may be, evidence of earnings is not by itself sufficient.[3]

Our holding is consistent with the result reached in *Cummings Medical Corp.* v. *Occupational Medical Corp.* (1992) 10 Cal.App.4th 1291, 1298-1301 [13 Cal.Rptr.2d 585]. In *Cummings*, as here, there was no evidence of the defendant's net worth. The court nevertheless found the evidence sufficient to support an award of punitive damages because the plaintiff established that the defendant's tortious conduct earned him a profit of over $1 million. This profit, said the court, is "objectively based and uniquely appropriate as the basis for punitive damages." (*Id.* at p. 1299.) But as the court also noted, "a gain-based measure of punitive damages may not always adequately serve the deterrent function." (*Id.* at p. 1300.) Of course, where (as here) no monetary gain flows from the defendant's tortious conduct, this approach does not permit calculation of the award's deterrent effect or its sufficiency to punish.[4]

It follows necessarily that the portion of the judgment awarding punitive damages should be reversed and the matter remanded for a new trial on that issue. (*Washington* v. *Farlice* (1991) 1 Cal.App.4th 766, 777 [2 Cal.Rptr.2d 607]; *Douglas* v. *Ostermeier* (1991) 1 Cal.App.4th 729, 740-751 [2 Cal.Rptr.2d 594]; but see *McCoy* v. *Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1663 [278 Cal.Rptr. 596].) But counsel appeared at oral argument to tell us this case had been settled and later that day a notice of dismissal was filed. As required (*Neary* v. *Regents of University of California* (1992) 3

---

[3]"Net worth" is subject to easy manipulation and, in our view, it should not be the only permissible standard. Indeed, it is likely that blind adherence to any one standard could sometimes result in awards which neither deter nor punish or which deter or punish too much. As we have explained, however, income alone does not permit meaningful review and something more is required.

On a related point, we note that no documentary evidence of any kind was presented and the evidence of Cadag's finances, such as it is, came in by way of his answers to questions on cross-examination. Without suggesting that oral testimony could never be sufficient, we think it is important to note that documentary evidence would be better. Without it, it is difficult (in this case, it is impossible) to piece the testimony together. If nothing else, a plaintiff attempting on appeal to show the evidence was sufficient to support the trial court's award of punitive damages ought to include in her respondent's brief a balance sheet (or some sort of graphic illustration) created from the testimony, with appropriate record references to permit verification.

[4]In light of our conclusion, we do not reach Cadag's alternative contention that the award of punitive damages was execessive and we do not reach Lara's claim that this issue (excessive damages) cannot be raised on appeal because Cadag did not move for a new trial on this ground.

Cal.4th 273 [10 Cal.Rptr.2d 859, 834 P.2d 119]), we comply with the parties' request.

## DISPOSITION

The appeal is dismissed.

Spencer, P. J., and Masterson, J., concurred.