Filed 3/13/13  Law Offices of Baruch Cohen v. Moore CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LAW OFFICE OF BARUCH C. COHEN APLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SAMUEL MOORE et al., <br><br> Defendants and Respondents. | B239148 <br><br> (Los Angeles County <br> Super. Ct. No. BC448866) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Affirmed.

Law Office of Bruce Adelstein, Bruce Adelstein for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Appellant Law Offices of Baruch Cohen appeals from the judgment in favor of defendants Samuel Moore, Joyce Moore, and Fred Wilhelms, as trustee of the William Everett Preston Trust, on appellant's complaint. We affirm.

Facts

Appellant's complaint alleged that the defendants had retained Cohen, an attorney, to perform legal services, that they had agreed to make payments during each billing cycle, and that they had not made the minimum payments. We need not further detail the underlying facts, except to say that the retention involved the bankruptcy of William Everett Preston, that defendant Joyce Moore was Preston's personal and business manager, that her husband, defendant, Samuel Moore was involved in that business, and that the bankruptcy trustee was seeking sums from the Moores and from the trust.

The causes of action were breach of contract, fraud, and common counts. Appellant sought damages of $462,652; his bills minus the $95,220 which defendants had paid.

The defendants were served, but did not answer. Appellant filed a request for entry of default, and default was entered. Appellant also sought default judgment. The court received the filing and set hearing on an Order to Show Cause re: dismissal for failure to enter a default judgment. At that hearing, the court conferred with counsel concerning corrections to the filing and continued the case. Then, on review of appellant's third submission, the court ruled that "[s]ignificant issues identified by the Court remain unanswered, and the Court's review of the bills raises new questions. [¶] An oral prove-up will be required with [appellant] to testify under oath."

In the judgment, issued after the hearing, the court found a failure to plead any claim, "except possibly a common count," noting, inter alia, that while appellant was claiming that the Moores were liable for fees incurred in the Wilhelms representation, and was claiming that Wilhelms, as an individual, was responsible for the fees incurred in the representation of the Moores, the retainer agreements submitted to the court did not

2

so provide. The court also noted that defendants had not consented to the dual representation in writing, although appellant's description of the underlying proceedings indicated that defendants' interests were not entirely congruent.

On the issue of damages, the court first made findings concerning the bills appellant submitted. The court found that the way the bills were broken down internally, and the fact that the bills referred to many people only by initials, and the fact that there were multiple entries in substantially identical language made it difficult to determine what services had been provided. As to the initials, it was not clear to the court who the people were, or how the matters related to the representation. Further, there were multiple entries for activities which were described the same way, often for the same amount of time, on the same day, so that it was impossible to tell whether there were duplicate entries.

The court noted, too, that on one subsection of the bill, there were 40 entries for "telephone call with client," 35 of them were billed at .30 hours. The court found it "remarkable" that so many of these calls took precisely 18 minutes.

The court then found that "the Court has serious questions concerning the amount of time billed, both on particular projects and in the aggregate," and gave several specific examples of excessive time on a project (more than 24 hours for drafting and revising a declaration), excessive time in general (over 590 hours for July and August of 2007), and other problems (two billing statements, with different time entries, for the same period).

The court then found that "Certain time records are clearly inaccurate. [Appellant's] testimony concerning how the time records were kept and how the statements were prepared cannot be reconciled with the bills themselves." The court noted an instance in which appellant had billed 32 hours for a single day, and an instance in which he had billed over 34 hours in a single day.

The court wrote, "These circumstances cast doubt not simply on those dates for which [appellant] billed more than 24 hours, but also on all other dates. [Appellant's] oral testimony at the default prove-up concerning the matter in which he recorded his

3

time, if true, left little room for claims of inadvertent error. The Court is compelled to conclude that the testimony of [appellant] was not true, and that the billing statements submitted as proof of the sums allegedly owed are not accurate and reliable records of the time spent. In addition, since an indeterminate number of the time records are demonstrably inaccurate, the Court is left without any principled way of determining what an accurate sum would be. The Court finds the evidence entirely inadequate to prove *any* amount of damages in [appellant's] favor."

Discussion

Appellant first argues that the court erred when it found that he had not stated a cause of action for breach of contract, or for common counts. He cites the rule that a judgment by default confesses the well-pleaded allegations of the complaint (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 823) and contends that he pled all the elements of the causes of action.

However, damages are an element of each cause of action, and default judgment can be entered "only upon proof to the court of the damage sustained." (*Taliaferro v. Hoogs* (1963) 219 Cal.App.2d 559, 560.) Even when the allegations of a complaint support the judgment a plaintiff seeks, the plaintiff is not automatically entitled to entry of judgment, simply because defendant defaulted. "Instead, it is incumbent upon plaintiff to *prove up* his damages, with actual evidence." (*Kim v. Westmoore Partners, Inc*. (2011) 201 Cal.App.4th 267, 272.) "The correct standard of proof requires that the plaintiff merely establish a prima facie case," (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361) "but a prima facie case is not equivalent to 'a matter of course.' Prima facie evidence is still evidence and subject to some standards." (*Harbour Vista, LLC v. HSBC Mortgage Services Inc*. (2011) 201 Cal.App.4th 1496, 1503, fn. 6.)

Appellant admits that his bills contain errors and agrees that the trial court could not have awarded him the full amount he claimed, but contends that the court erred by not awarding anything. He argues that he indisputably did some work, and that the court

4

could have determined damages, by (with assistance from him) reviewing his billing statements, correcting for overstated or duplicate time, and, where there were doubts about accuracy, verifying with reference to the bankruptcy court's docket or the work product; or that the court could have asked him to reconstruct his time based on the actual work done, not the work claimed in the bills; or that the court could have estimated the proper amount of fees from the bankruptcy court docket or otherwise.

It was not, however, for the trial court to find alternative methods of determining damages, or to engage in the tasks appellant now suggests. Instead, appellant bore the burden of proving his damages. Having failed to provide the court with credible evidence of damages, he cannot recover damages.

The trial court made credibility findings and findings of fact, and concluded that appellant did not establish a prima facie case. Credibility findings are the province of the trial court, and the findings of fact are supported by substantial evidence. They are thus not findings which we disturb on appeal.

"When the plaintiff has had full and fair opportunity to present the case, and the evidence is insufficient as a matter of law to support plaintiff's cause of action, a judgment for defendant is required." (*McCoy v. Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1661.)


Disposition

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ARMSTRONG, Acting P. J.

We concur:


KRIEGLER, J.          O'NEILL, J.[*]

---

[*] Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5