Filed 10/20/15  Plikaytis v. Fairmount, LP CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANICE PLIKAYTIS, | D065989 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2008-00064809-CU-WT-EC) |
| FAIRMOUNT, LP, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County,

Katherine A. Bacal, Judge.  Affirmed.

Spiegel Liao & Kagay and Charles M. Kagay; The McMillian Law Firm and

Scott A. McMillan for Plaintiff and Appellant.

Barry, Gardner & Kincannon, Petrie & Associates, Jeffrey B. Gardner and Laura J.

Petrie for Defendant and Respondent.

Anice Plikaytis sued her alleged former employers, James Roth, and a number of

Roth's entities, including Fairmount, LP, dba Talmadge Canyon Park (Talmadge Canyon)

on a number of theories.  As relevant to this appeal, a jury found in favor of Plikaytis on

her claims against Talmadge Canyon for breach of contract for an unspecified term (implied contract) and specified term (written contract). Talmadge Canyon appealed, arguing the verdict against it must be reversed because (1) no contract for a specified term existed between it and Plikaytis; and (2) Plikaytis was an at-will employee that could be discharged at any time with or without cause. In an unpublished opinion, we agreed. (*Plikaytis v. Roth* (Oct. 4, 2011, D056922) [nonpub. opn.], (*Plikaytis I*).) The disposition reversed the judgment in favor of Plikaytis as against Talmadge Canyon on her claims for breach of written and implied employment agreements. On remand, the trial court granted summary adjudication of Plikaytis's claim for breach of an implied employment agreement.

The parties scheduled the matter for trial on Plikaytis's claim for breach of written employment agreement. Plikaytis argued in her trial brief that our unqualified reversal allowed her to retry this claim and produce additional evidence to support the claim. Talmadge Canyon argued that the law of the case doctrine required the trial court to find that Talmadge Canyon was not liable for breach of contract. Plikaytis filed an offer of proof regarding the different material facts she would establish during trial. Thereafter, the court issued an ex parte minute order directing counsel to appear for an order to show cause why the court should not enter judgment for Talmadge Canyon on Plikaytis's claim for breach of written employment agreement, reasoning that Plikaytis had a full and fair opportunity to present her case against Talmadge Canyon and our unqualified reversal based on insufficiency of the evidence barred retrial unless Plikaytis could present newly

2

discovered evidence. After hearing from counsel, the court entered judgment in favor of Talmadge Canyon on Plikaytis's claim for breach of written employment agreement.

Plikaytis appeals from the judgment contending the trial court misinterpreted the disposition in *Plikaytis I*. She argues that the unqualified reversal entitled her to a new trial as to Talmadge Canyon on her claim for breach of written employment agreement. We disagree. As we will discuss, Plikaytis failed to present sufficient evidence to prove her claim, she had a full and fair opportunity to try the claim and our unqualified reversal does not entitle her to a new trial.

## DISCUSSION

The disposition in *Plikaytis I* stated: "The judgment in favor of Plikaytis as against Talmadge Canyon on her claims for breach of employment contract for an unspecified term and specified term are reversed. The judgment holding Talmadge Canyon jointly and severally liable for breach of employment contract damages is reversed. The judgment in favor of Plikaytis as against Talmadge East for breach of contract is reversed and the matter is remanded for a new trial on damages. In all other respects, the judgment is affirmed. Each party is to bear their own costs on appeal."

"Ordinarily, an *unqualified* reversal (i.e., reversal without directions to the trial court) *vacates* the appealed judgment or order and remands the case for a *new trial* or evidentiary hearing as though it had never been tried or heard. On remand, the parties are placed in the same positions and have the same rights as before rendition of the reversed judgment or order." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) ¶ 14:141, p. 14-47.) "The parties are entitled to retry the issues

3

anew—meaning they can present any evidence in support of or against the allegations in the complaint. An unqualified reversal cannot restrict the presentation of evidence on remand." (*Id.* at ¶ 14:143, p. 14-47.)

Several exceptions exist to this general rule. First, the general rule will not be invoked if the appellate opinion as a whole establishes a contrary intention. (*Stromer v. Browning* (1968) 268 Cal.App.2d 513, 518-519 (*Stromer*).) "In *Stromer*, the trial court found a real estate broker entitled to his commission on a deal that fell through as a result of the seller's actions. The Supreme Court reversed because the evidence did not show lack of good faith on the part of the seller, stating ' "[u]nder the circumstances, plaintiff is not entitled to recover his commission." . . . "The judgment is reversed." ' [Citation.] On appeal from the trial court's subsequent entry of judgment, the court concluded that the Supreme Court had *not* intended a retrial: 'After a case fully tried, with facts not in dispute, the intent of the Supreme Court to us appears patent. It intended, as we read its opinion, that judgment in [the seller's] favor be entered. We can find nothing left for the trial court to retry.' " (*Bank of America v. Superior Court* (1990) 220 Cal.App.3d 613, 621 (*Bank of America*).) Similarly, in *Moore v. City of Orange* (1985) 174 Cal.App.3d 31, the reviewing court found plaintiff was not entitled to any of the substantive relief sought in her petition for writ of mandate and reversed the judgment. (*Id*. at p. 37.) On remand, the trial court dismissed the case. (*Id.* at p. 33.) The reviewing court concluded plaintiff was not entitled to a retrial on new theory not presented in the original trial. (*Id.* at pp. 33, 37.)

4

The *Stromer* exception applies because the *Plikaytis I* opinion as a whole establishes an intent contrary to the general rule.  (*Stromer*, *supra*, 268 Cal.App.2d at p. 518.)  Our discussion in *Plikaytis I* established that Plikaytis failed to present evidence that Talmadge Canyon was bound under a 2006 employment agreement between her and two other entities.  Accordingly, we reversed the judgment in her favor, but did not specifically direct that judgment be entered for Talmadge Canyon.  On remand, Plikaytis's offer of proof shows she sought to retry the claim based on a new theory and evidence (additional testimony from Plikaytis and documents) that could have been presented during the original trial.  Where, as here, a party has no newly discovered evidence, a retrial is not warranted.

Another exception exists where the trial court denies a motion for judgment notwithstanding the verdict (JNOV) and the appellate court reverses the judgment for insufficiency of the evidence.  (*McCoy v. Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1661 (*McCoy*); *Bank of America*, *supra*, 220 Cal.App.3d at p. 626.)  The *McCoy* court noted the general rule allowing a retrial after a reversal is premised on a situation where an error of law occurred during the proceedings that prevented the appellant from receiving a fair trial.  (*McCoy*, at pp. 1660-1661.)  "A reversal under these circumstances informs the trial court that a proper motion for new trial, had it been made, should have been granted.  However, a reversal for insufficiency of the evidence is based on the fact that the plaintiff's evidence does not, as a matter of law, support the plaintiff's cause of action.  When a judgment for the plaintiff is reversed for insufficiency of the evidence the

5

appellate court is, in effect, advising the trial court that a nonsuit, directed verdict or JNOV should have been entered." (*Id.* at p. 1661.)

The *McCoy* court explained, "when the plaintiff has had a full and fair opportunity to present his or her case, a reversal of a judgment for the plaintiff based on insufficiency of the evidence should place the parties, at most, in the position they were in after all the evidence was in and both sides had rested. A judgment for the defendant would then be entered, and a new trial permitted only for newly discovered evidence." (*McCoy*, *supra*, 227 Cal.App.3d at p. 1661.) Although *Bank of America* and *McCoy* addressed situations where JNOV motions were denied and the evidence was later found insufficient to support the verdict, as we discuss below, reviewing courts have denied retrial in situations where a JNOV motion was not made below.

In *Cassista v. Cmty. Foods, Inc.* (1993) 5 Cal.4th 1050, the trial court denied a defense motion for nonsuit in favor of defendant "on the ground that plaintiff had failed to establish she was a handicapped individual within the meaning of the [California Fair Employment and Housing Act] [(FEHA)]." (*Id.* at p. 1055.) Our high court granted review to examine whether "on the record evidence, plaintiff had established a prima facie case of handicap discrimination within the meaning of the FEHA." (*Ibid.*) The Court concluded the trial court erred in denying nonsuit because it was well settled at the time of trial that plaintiff was required to establish a physiological basis for her alleged handicap, but plaintiff failed to produce such evidence. (*Id.* at p. 1066.) Citing *McCoy*, the Court stated plaintiff was not entitled to a new trial because she had "received a full and fair opportunity to prove her case." (*Ibid.*)

6

In *Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, the trial court entered a default judgment in favor of plaintiff when defendants failed to timely answer the complaint. (*Id.* at p. 278.) After denying defendants' motion to set aside the defaults, the trial court entered judgment in favor of plaintiff. (*Id.* at pp. 278-279.) The appellate court reversed the default judgment because the complaint failed to state any cognizable cause of action against defendants. (*Id.* at pp. 283-286.) Citing *McCoy*, the appellate court concluded it was proper to reverse the judgment with directions to enter a judgment in favor of defendants because plaintiff had a full and fair opportunity to present his case, but failed to do so. (*Id.* at p. 289.)

Numerous other cases have relied on *McCoy* to deny a new trial. The critical issue in these cases is not whether a motion for JNOV or any other motion directed to the sufficiency of the evidence had been brought or whether the evidence was undisputed, but whether the party seeking the retrial had a full and fair opportunity to present its case. (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 153-154 [future damages award stricken without granting a retrial because insufficient evidence supported the award]; *Frank v. County of Los Angeles* (2007) 149 Cal.App.4th 805, 833-834 [retrial denied where plaintiffs' claim of racial intent not supported by the record]; *Kelly v. Haag* (2006) 145 Cal.App.4th 910, 919-920 [no retrial where punitive damages award not supported by the evidence]; *Calif. Maryland Funding, Inc. v. Lowe* (1995) 37 Cal.App.4th 1798, 1809-1810 [judgment for plaintiff reversed based on insufficient evidence and directing judgment be entered for defendant]; see also, *Sonic Mfg. Technologies, Inc. v. AAE Sys., Inc.* (2011) 196 Cal.App.4th 456, 466 [reversal

7

based on insufficient evidence not entitled to retrial, citing *Frank*]; *Avalon Pacific–Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC* (2011) 192 Cal.App.4th 1183, 1210 [reversing and directing that judgment be entered for defendants based on plaintiff's failure to present sufficient evidence, citing *Frank*].)

Plikaytis's reliance on *Boyle v. Hawkins* (1969) 71 Cal.2d 229 (*Boyle*) and *People v. Barragan* (2004) 32 Cal.4th 236 (*Barragan*) is misplaced. In *Boyle*, the appellate court found the evidence insufficient to support a jury award and modified the award. (*Boyle*, at p. 232, fn. 3.) Our high court found the evidence supported the jury's award and affirmed the judgment. (*Id.* at p. 232.) The Court stated the modification was improper as the record did not clearly show what the correct judgment should have been and that "[t]he ordinary disposition upon a finding by the appellate court that the evidence is insufficient to support the verdict is simply to reverse, giving the respondent a right to a new trial." (*Id.* at p. 232, fn. 3.) While this statement is seemingly broad, no court has ever interpreted it as allowing a new trial whenever a judgment is reversed based on insufficient evidence.

In *Barragan*, a criminal case, our high court concluded that where evidence is found insufficient to sustain a prior conviction allegation the People are entitled to a retrial, rejecting the argument that retrial was barred by the constitutional requirement of fundamental fairness, equitable principles of res judicata and law of the case, and relevant statutory provisions. (*Barragan*, *supra*, 32 Cal.4th at p. 239.) Rather, our high court noted the Penal Code expressly provides that upon reversal of a judgment against a defendant, that reversal " 'shall be deemed an order for a new trial, unless the appellate

court shall otherwise direct.' " (*Barragan*, at p. 249, citing Pen. Code § 1262.) Additionally, Penal Code section 1180 provides "[t]he granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew. . . . " In discussing whether a retrial should be barred under the doctrine of law of the case, the *Barragan* court agreed that *McCoy* and *Bank of America* modified the general rule allowing a retrial where a JNOV motion had been improperly denied. (*Barragan*, at pp. 250-252.) However, the *Barragan* court does not state that a JNOV motion must be brought before the general rule allowing retrial becomes inapplicable. No cases have cited *Barragan* for this proposition and, as the preceding discussion shows, the Supreme Court and numerous appellate courts have not read *McCoy* and *Bank of America* this narrowly.

We conclude that the *McCoy* exception also applies. Plikaytis is not entitled to a second opportunity to prove her breach of contract claim against Talmadge Canyon as she had a full and fair opportunity to present her case against Talmadge Canyon, but failed to present sufficient evidence to prove her claim. Plikaytis points out that Talmadge Canyon could have raised our failure to direct the trial court to enter judgment for Talmadge Canyon in a petition for rehearing in *Plikaytis I*, but failed to do so and should be barred from making this argument. While we agree that Talmadge Canyon could have raised this oversight in a petition for rehearing in *Plikaytis I*, this omission did not prevent the parties from addressing the issue on remand. Finally, a retrial based on newly discovered evidence is unwarranted as Plikaytis has not challenged the trial court's finding that she

9

has no newly discovered evidence.  Accordingly, the trial court did not err when it entered judgment in favor of Talmadge Canyon.

## DISPOSITION

The judgment in favor of Talmadge Canyon is affirmed.  The parties shall bear their own costs on appeal.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

McDONALD, J.