Filed 10/17/22  P. v. Darnell CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DARNELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B317252<br>(Cons. w/ B317255)<br>(Super. Ct. Nos. 21PT-00257,<br>20PT-00392)<br>(San Luis Obispo County) |

In a prior opinion[1], we reversed an order recommitting appellant Edward Darnell for treatment as an offender with a mental health disorder (OMHD; Pen. Code, §§ 2970, 2972).  This appeal concerns what happened after we remanded the case.  The trial court recommitted appellant twice:  first after retrial on the original petition and again after trial on a later-filed petition.  Appellant contends neither trial should have taken place and

---

[1] *People v. Darnell* (May 17, 2021, B307437) [nonpub. opn.] (*Darnell I*).

seeks to reverse both recommitment orders in this consolidated appeal.  We affirm.

## FACTS AND PROCEDURAL HISTORY

### *Darnell I*

The trial court first certified appellant as an OMHD in 2004.  The People filed a petition to recommit him in June 2020 (the June 2020 petition).[2]  (Pen. Code,[3] § 2970.)  The trial court granted the petition based in part on psychologist Brandi Mathews, Psy.D.'s opinion that appellant continued to represent a "substantial danger of physical harm to others."  (§ 2972, subd. (c).)  We concluded in *Darnell I* that her opinions were based on treatment records and other hearsay documents the People did not offer into evidence.  The record also revealed the trial court erred by allowing Dr. Mathews to recite case-specific hearsay facts while testifying.  (*People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*).  We reversed the recommitment order and remanded the case for further proceedings.

### *Retrial on June 2020 Petition*

The parties disagreed about how to proceed on remand.  The People sought retrial of the June 2020 petition.  Appellant opposed retrial and sought to dismiss the petition as barred by the doctrines of res judicata and collateral estoppel.  The trial court found the People were entitled to a retrial.  Dr. Mathews again testified, this time referring to treatment records, reports,

---

[2] *People v. Darnell* (Super. Ct. San Luis Obispo County, 2020, No. 20PT-00392).

[3] All statutory references are to the Penal Code unless otherwise stated.

2

and other documents properly offered into evidence by the People.  She concluded appellant continued to meet the criteria for recommitment under section 2972, subdivision (c).  The trial court agreed and granted the petition.

*Trial on April 2021 Petition One Week Later*

The People filed a new recommitment petition while *Darnell I* was pending (the April 2021 petition).[4]  Trial on the April 2021 petition occurred only one week after retrial of the June 2020 petition.[5]  Psychologist Joe Debruin, Ph.D. testified for the People.  He described how he prepared for trial by interviewing appellant, consulting a treating psychiatrist, and reviewing hospital records compiled over the past two decades.[6]  He noted a decrease in violent behavior but attributed the improvement to appellant's involuntary psychotropic drug regimen.  Dr. Debruin concluded that appellant's long history of substance abuse, lack of insight into his mental illness,[7] and

---

[4] *People v. Darnell* (Super. Ct. San Luis Obispo County, 2021, No. 21PT-00257).

[5] The recommitment order at issue in *Darnell I* expired on September 11, 2021.  The April 2021 petition sought to recommit appellant for another year, the maximum period allowed under section 2970.

[6] Appellant is currently housed at Coalinga State Hospital. He spent ten years at Atascadero State Hospital prior to this. His original commitment in the state hospital system stemmed from an arson incident in 1999.

[7] Treating psychiatrists diagnose appellant as suffering from schizoaffective disorder bipolar type.

failure to develop a relapse prevention plan meant he remained a substantial danger of physical harm to others if released. The court agreed and again ordered appellant recommitted.

*Consolidated Appeals – Darnell II*

Appellant separately appealed the recommitment orders issued after the post-remand trials of the June 2020 petition and April 2021 petition. We ordered the appeals consolidated.[8]

**DISCUSSION**

*June 2020 Petition*

Appellant invokes the doctrines of res judicata and collateral estoppel as precluding: (1) retrial of the June 2020 petition; and (2) trial of April 2021 petition. The retrial of the June 2020 petition, however, was a continuation of the same proceeding addressed in *Darnell I*. We analyze the preclusive effect of our decision on retrial under the law of the case doctrine. (Cf. *Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491 ["'The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case'"].)

Appellant cites the principle that a new trial is not allowed when judgment is reversed based on insufficient evidence. (See, e.g., *McCoy v. Hearst Corp.* (1991) 227 Cal.App.3d 1657, 1661 [when evidence "is insufficient as a matter of law to support plaintiff's cause of action, a judgment for defendant is required and no new trial is ordinarily allowed, save for newly discovered evidence"].) Appellant misconstrues *Darnell I*. We reversed the

_____

[8] We granted the People's unopposed motion to consolidate the appeals in an order filed May 16, 2022.

4

trial court because it allowed Dr. Mathews' expert testimony into evidence over valid objections to its foundation. This evidentiary error created a record tainted by improper opinion testimony and case-specific hearsay. (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 770, citing Evid. Code, § 801 ["[T]he trial court acts as a gatekeeper to exclude speculative or irrelevant expert opinion"].) Excising these tainted parts of the record, in turn, left insufficient evidence to support the finding of appellant's dangerousness. We did not consider (much less resolve) whether Dr. Mathews's testimony would have supported this finding if a proper foundation were laid. (*People v. Barragan* (2004) 32 Cal.4th 236, 246-247, ["nothing in the law of the case doctrine itself limits the additional evidence that a party may introduce on retrial to that which 'could not have been presented at the first trial through the exercise of due diligence'"].)

*April 2021 Petition*

We likewise affirm the recommitment order issued after trial on the April 2021 petition. The doctrines of res judicata and collateral estoppel did not apply because the petition concerned a different commitment period and different evidence. (See *People v. Barragan*, *supra*, 32 Cal.4th at p. 252, quoting 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820, italics omitted and added ["'[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving *the same controversy*'"].)

5

**DISPOSITION**

The recommitment orders are affirmed.

NOT TO BE PUBLISHED.


PERREN, J.*


We concur:



GILBERT, P.J.



BALTODANO, J.

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Michael L. Duffy, Judge
Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.